UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV14-8614-CAS(JCx) | | Date | March 21, 2016 |
|---|---|---|---|---|
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Richard Toon, Jr. | John Karaczynski |
| Robert Methvin, Jr. | |

**Proceedings:**   DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY (Dkt. 125, filed February 18, 2016)

## I.   INTRODUCTION

On August 14, 2015, plaintiffs Tony M. Graham and Elizabeth P. Brockwell (collectively, "plaintiffs") filed the operative third amended complaint ("TAC") in this putative class action against defendants VCA, Inc. and VCA Animal Hospitals, Inc. (collectively, "defendants" or "VCA"). Dkt. 82 (TAC). In brief, plaintiffs allege that defendants, who own and operate over six hundred veterinary facilities in forty-one states, "engaged in a scheme of charging bogus fees to illegally upcharge" their customers. TAC at ¶¶ 7, 15. Specifically, plaintiffs allege that defendants routinely imposed improper "Biohazard Waste Management" fees in a "guise that is designed . . . to imply that the surcharges are government mandated or required." Id. at ¶ 17.[1]

On February 18, 2016, defendants filed a motion for sanctions against plaintiffs' attorneys pursuant to 28 U.S.C. § 1927 and the Court's inherent power.[2] Dkt. 125

---

[1] On February 12, 2016, plaintiffs filed a motion for class certification. Dkt. 115. The motion for class certification is currently pending before the Court and is set for hearing on August 8, 2016.

[2] Defendants do not seek sanctions pursuant to Federal Rule of Civil Procedure 11(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　　　**'O'**

| Case No. | CV14-8614-CAS(JCx) | | Date | March 21, 2016 |
|---|---|---|---|---|
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | | |

("Motion"). On February 29, 2016, plaintiffs filed an opposition. Dkt. 126 ("Opp'n"). On March 7, 2016, defendants filed a reply. Dkt. 127 ("Reply"). On March 21, 2016, the Court held oral argument on defendants' motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Sanctions Pursuant to 28 U.S.C. § 1927 ("Section 1927")

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[D]amages under section 1927 are appropriate where there is no obvious violation of the technical rules, but where, within the rules, the proceeding is conducted in bad faith for the purposes of delay or increasing costs." Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986). The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Before they can be imposed, Section 1927 sanctions "must be supported by a finding of subjective bad faith." Id. at 436 (quoting New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)). Subjective "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Id. (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986)). Put differently, "[f]or sanctions to apply [under Section 1927], if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." Id. "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." New Alaska, 869 F.2d at 1306 (internal citations omitted). Indeed, "[e]ven if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith." Id. (citation omitted).

The decision to sanction a party under Section 1927 rests in the sound discretion of the district court. Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir. 1990) (noting district court's award of sanctions pursuant to Section 1927 is reviewed for abuse of discretion); see also MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir. 1991) (holding district court abused its discretion by awarding Section 1927 sanctions); Trulis v. Barton,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV14-8614-CAS(JCx) | Date | March 21, 2016 |
|---|---|---|---|
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | |

107 F.3d 685, 694 (9th Cir. 1996) (holding district court abused its discretion by *not* awarding Section 1927 sanctions where attorney's conduct—i.e., his "intentional disregard" of his clients' "express instructions" to be dismissed from the suit and his "continued insistence that he represented persons who he was not authorized to represent"—were "reckless as a matter of law").  Moreover, Section 1927 sanctions must be tailored to the particular challenged conduct.  See, e.g., United States v. Blodgett, 709 F.2d 608, 610-11 (9th Cir. 1983) ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct.").

### B.      Sanctions Pursuant to the Court's Inherent Power

The district courts have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  Sanctions pursuant to the Court's inherent authority "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994.  However, these sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id.

"For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." Id. at 992 (internal quotation marks and citations omitted).  A court may assess attorneys' fees pursuant to its inherent power when a party has " 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)).  "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44.

## III.    DISCUSSION

The gravamen of defendants' motion for sanctions is that plaintiffs acted recklessly or in bad faith by serving a burdensome Joint Stipulation for a Motion to Compel that raised seventy-eight issues, only to "abandon" seventy-four of those issues a week later,

Case 2:14-cv-08614-CAS-JC   Document 128   Filed 03/21/16   Page 4 of 7   Page ID #:2394

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          **'O'**

| Case No. | CV14-8614-CAS(JCx) | | Date | March 21, 2016 |
|----------|--------------------|--|------|----------------|
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | | |

"at the eleventh hour," after defendants "had invested substantial time and attorneys' fees in preparing Contentions for all seventy-eight issues." Motion at 1. Defendants accordingly seek sanctions in the amount of $91,213 to cover attorneys' fees "incur[red] unnecessarily" because of plaintiffs' service of the expansive initial Joint Stipulation, as well as $31,004 in attorneys' fees incurred in connection with preparing the instant motion for sanctions. Id.

Defendants state that on January 4, 2016, they were served with a Local Rule 37-2 Joint Stipulation identifying issues on which plaintiffs sought to compel discovery. Defendants aver that they took this Joint Stipulation "very seriously" because the document production and data compilation that plaintiffs were seeking to compel "would have had a significant adverse impact on VCA's business." Id. at 4. Accordingly, defendants state that they undertook a "time-consuming and expensive project of research and writing" to prepare a client declaration and many Contentions for their portion of the Joint Stipulation. Id. at 5. On January 12, 2016—the deadline for VCA to send its seventy-eight Contentions to plaintiffs—one of plaintiffs' attorneys informed defendants that he would be sharing a revised draft of the Joint Stipulation shortly. Dkt. 136, Ex. 35. Plaintiffs shared the revised draft roughly twelve hours later. Id., at Ex. 37. The revised draft eliminated ten special interrogatories, forty-six document production requests, and eighteen additional issues, thereby leaving only four of the original seventy-eight items.

Defendants accordingly contend that plaintiffs were at minimum reckless in serving a lengthy and contentious Joint Stipulation and then abandoning nearly all of their requests "even though there had not been any changed circumstances on the major issues between January 4, 2016, when they served their Joint Stipulation, and January 13, 2016, when they abandoned 74 of their 78 issues."[3] Motion at 10-11. Specifically,

--------

[3] Defendants argue that sanctions are especially warranted here because plaintiffs also served a lengthy Joint Stipulation for a Motion to Compel in September 2015, only to "unilaterally . . . abandon" it upon receiving in response defendants' one hundred and seventy-seven pages of Contentions. Motion at 1-2, 9 (citing Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1411 (9th Cir. 1990) ("In evaluating the propriety of sanctions, we look at all incidents of a party's misconduct. A court may consider prior misconduct when weighing a subsequent sanction motion.") (internal citations omitted)). Defendants contend that they were billed approximately 35.4 hours by their attorneys for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV14-8614-CAS(JCx) | Date | March 21, 2016 |
|----------|--------------------|------|----------------|
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | |

defendants first argue that forcing them to prepare Contentions for these ultimately-abandoned issues constitutes bad faith conduct under the relevant Ninth Circuit standard for 28 U.S.C. § 1927.  Motion at 11 (citing Estate of Blas, 792 F.2d at 860 ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent.") (citations omitted)).  Second, defendants argue that plaintiffs' conduct also satisfies an alternative standard justifying sanctions under Section 1927—i.e., knowledge of a federal rule coupled with its reckless disregard.  Id. (citing B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002) ("[W]e conclude that the district court's finding of recklessness plus knowledge was sufficient to justify the imposition of § 1927 sanctions.")).  Finally, defendants argue that even if the Court finds sanctions under Section 1927 to be unwarranted, the Court should award sanctions pursuant to its inherent authority.  Id. at 12-14.

        In their opposition, plaintiffs argue that sanctions are unwarranted for at least the following reasons: first, because much of VCA's own conduct throughout the course of this litigation was improper and required plaintiffs "continually [to] address the numerous deficiencies in VCA's discovery responses"; and second, because plaintiffs were justified in reducing the number of issues in the Joint Stipulation on account of (a) "the parties continued [efforts] to narrow the issues" between January 4 and January 13, and (b) defendants' production (between January 4 and January 13) of information "it had been withholding for months."  See Opp'n at 1, 11-12.  In short, plaintiffs contend that their decision to "outline[] all of VCA's discovery deficiencies in the initial draft of the Joint Stipulation is not evidence of frivolousness, bad faith, harassment or any improper purpose."  Id. at 13.

        In their reply, defendants reject plaintiffs' arguments as either off-topic or wholly without merit.  According to defendants, only two of the seventy-eight issues in the initial

_____

research and preparation of those Contentions, and that plaintiffs "dropped their September 2015 motion in its entirety without explanation and without offering to reimburse VCA for the attorneys' fees that it had incurred needlessly."  Id. at 2.  In response, plaintiffs argue—and defendants contest this assertion in their reply—that the parties *mutually* agreed to "set aside" the September 2015 Joint Stipulation and to resolve the discovery disputes contained therein without the Court's intervention.  Opp'n at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | | **'O'** |
|---|---|---|---|---|
| Case No. | CV14-8614-CAS(JCx) | | Date | March 21, 2016 |
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | | |

Joint Stipulation were arguably "narrowed" between January 4 and January 13. Reply at 2-3. Furthermore, "at most" five of the issues were impacted by defendants' additional document production and interrogatory responses in the week between plaintiffs' service and revision of the document. Id. at 3. Thus, defendants insist that sanctions are appropriate because "withdrawal of the vast majority of [the seventy-eight] items cannot be explained by either of [p]laintiffs' two principal arguments"—i.e., plaintiffs' narrowing of issues or defendants' document production between January 4 and January 13.

The Court agrees that plaintiffs failed carefully and concisely to designate issues in their initial Joint Stipulation. Furthermore, the Court finds that plaintiffs' evidence of document production and issue "narrowing" do not adequately account for the drastic changes between plaintiffs' initial and revised Joint Stipulations. While certainly plaintiffs' expansive designation of issues was likely "overkill," the Court is nonetheless mindful that plaintiffs' initial draft was a hurried effort to place defendants on notice of all potential discovery-related disputes for which plaintiffs may ultimately seek judicial relief. This draft was narrowed within eight days of its submission, during which time defendants do not appear to have argued that the draft needed to be paired down. Accordingly, at this juncture, it is difficult to justify over $91,000 in attorneys' fees spent within a single week in these circumstances.[4]

Therefore, having carefully considered the parties' arguments and evidence submitted in support thereof, the Court **RESERVES JUDGMENT** on the instant motion until the resolution of this action. In the interim, the parties are admonished to abide by the Local Rules and are further reminded that the Federal Rules of Civil Procedure are to be "construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

---

[4] As stated *supra*, defendants are also seeking $31,004 in attorneys' fees incurred in connection with preparing the instant motion for sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | CV14-8614-CAS(JCx) | Date | March 21, 2016 |
|----------|---------------------|------|----------------|
| Title | TONY M. GRAHAM v. VCA ANTECH, INC., ET AL. | | |

## IV.    CONCLUSION

In accordance with the foregoing, the Court **RESERVES JUDGMENT** on defendants' motion for sanctions.

IT IS SO ORDERED.

|  | 00 | : | 27 |
|--|----|----|----|
| Initials of Preparer | | CL | |